UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN J. BARRETT, | ) | Civil No. 02-CV-2210-L(CAB) |
| Plaintiff, | ) ) ) | **ORDER LIFTING THE STAY** |
| v. | ) ) | |
| CARLOS F. NEGRETE, HULDA CLARK, dba NEW CENTURY PRESS, | ) ) ) | |
| Defendant. | ) ) | |

Magistrate Judge Bencivengo recently held a telephonic status conference in this case that has been pending since 2002. Discovery in the case has been stayed since February 13, 2006, because the parties had indicated that resolution of this case is dependent upon the disposition of a related state court case, *Barrett v. Clark*, Case No. 833021-5, pending in Alameda County Superior Court. The state court action was subject to various appeals but the case should move forward now in state court. Given the current status of the state court proceeding, the parties are now disagreeing whether or not resolution of the state court case will impact the present federal court case. Magistrate Judge Bencivengo ordered the parties to file briefs on their respective positions concerning whether the stay should be lifted or maintained, along with responsive briefs,[1] and set a telephonic status conference before the undersigned for February 26, 2007.

---

[1] Defendants did not file a timely brief in response to the magistrate judge's December 1, 2006 Order requiring a brief re: stay of action. Defendants then sought an extension of time in which to file their brief which the Court granted. Defendants were to file their brief no later than February 16, 2007 but did not do so. Instead, on Sunday, February 25,

**Discussion**

Plaintiff Stephen J. Barrett, M.D. ("Barrett") is a retired psychiatrist. He is a nationally renowned consumer advocate. He runs the Quackwatch.org website that posts articles "that criticize many types of dubious health claims, products and practices." (Complaint, ¶2.) Defendant Carlos F. Negrete ("Negrete") is an attorney who does business under the fictitious name Health Freedom Legal Defense Council and operates the Health Freedom Law website located at healthfreedomlaw.com. (Complaint, ¶3.) Defendant Hulda Clark ("Clark") does business under the fictitious business name New Century Press ("NCP").

In 2000, Barrett filed the case of *Barrett v. Clark* against Hulda Clark and six other named defendants but not Negrete, for libel in state court. On July 23, 2001, Clark, represented by Negrete, filed a cross-complaint naming Barrett as one of the cross-defendants. The cross-complaint referred to Stephen Barrett as a "delicensed psychiatrist" and alleged causes of action for violation of the RICO Act and malicious prosecution, as well as numerous other claims, including perjury, harassment, violation of civil rights and free speech, and business sabotage. (Complaint, ¶ 7) On the day of the filing of the cross-complaint, Mr. Negrete's Health Freedom Law website displayed an announcement of the lawsuit and the entire cross-complaint. (Complaint, ¶9) On July 24, 2001, Mr. Negrete distributed an e-mail message describing the suit entitled, "Quackbusters charged with Racketeering." The message referred recipients to healthfreedomlaw.com "for more information on the lawsuit." (Complaint, ¶11) The information about the lawsuit was publicized in over 40 web pages, 100 news group messages, and numerous publications. (Complaint, ¶15) Plaintiff received numerous inquiries and negative comments from the recipients of the information, and spent a lot of time to prevent damage to his reputation. (Complaint, ¶16)

On October 9, 2001, Defendants filed the first amended cross-complaint in the state court proceeding. On June 3, 2002, without having responded to any of Barrett's discovery requests, Defendants voluntarily dismissed without prejudice the cross-complaint. (Complaint, ¶17-19).

In the present federal case, plaintiff Barrett contends that the publicizing of the state court

---

2007, the day before the hearing, defendants filed their response opposing a lifting of the stay.

action and cross-complaint has caused and continues to cause damage to plaintiff personally and professionally. Plaintiff filed the present action in federal court for malicious prosecution and abuse of process. On October 20, 2005, the Court dismissed the abuse of process claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Order, docket no. 85. Thus, the sole remaining claim in the present case is for malicious prosecution which alleges that defendants Negrete and Clark filed a cross-complaint against Barrett in the state court case of *Barrett v. Clark* without probable cause and with malice.

As noted above, discovery in this action has been stayed since February 2006, because of the state court proceeding. As revealed at the recent status conference before the magistrate judge, it appeared that the parties disagreed whether the stay should be maintained or lifted.

Plaintiff contends that the stay should be lifted because the connection between the present case and the state court action is "far too tenuous to affect any determination to be made here." (Brief at 1). The issues in the state court case involve libel law, whether false and defamatory statements were made and if so, is there some defense to libel.

As plaintiff notes correctly, even if the outcome in the state court is that Clark is not liable for defaming Barrett by certain statements, that finding does not establish probable cause for making the various allegations in the dismissed cross-complaint that is the subject of the malicious prosecution complaint here.

Negrete contends the dismissed crossclaim, the subject of the present action, may be resurrected in the state court case because it was dismissed without prejudice. Because of the potential refiling of the crossclaim, Negrete contends this case should be stayed. At the present time, speculation that a crossclaim will be refiled in the state court case is an insufficient basis for staying proceedings here. Moreover, even if the crossclaim is realleged, it may be subject to various defenses, including but not limited to the statute of limitations.

Negrete also asserts that the statements and allegations contained in the state court proceeding are virtually identical to the statements challenged by Barrett here. The Court disagrees. The statements challenged in this action, although related to statements forming the basis of the state court action, are not identical and do not form the basis of plaintiff's claim here.

1       Having considered the parties' briefs and oral argument, and good cause appearing, **IT IS ORDERED** lifting the stay in this matter. **IT IS FURTHER ORDERED** that the parties shall jointly contact the magistrate judge's chambers within ten days to schedule a case management conference.

      **IT IS SO ORDERED.**

DATED: February 27, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES