UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. BARRETT,<br><br>           Plaintiff,<br><br>v.<br><br>CARLOS F. NEGRETE, HULDA CLARK, dba NEW CENTURY PRESS,<br><br>           Defendants. | Civil No. 02-CV-2210-L (CAB)<br><br>**ORDER IMPOSING SANCTIONS; REQUIRING A PROPOSED PRETRIAL ORDER and SETTING A TRIAL DATE** |

On April 7, 2008, the Court conducted a final pretrial conference in the above-captioned case. The parties had filed a proposed pretrial order that the Court rejected for various reasons as stated on the record. The parties were ordered to jointly prepare and submit a revised proposed pretrial order ("PPTO") that would address the issues the Court raised. After some discussion about when the parties would be required to submit the revisions based upon their schedules, the parties agreed to a date, and therefore were ordered to file the PPTO by April 14, 2008. On that date, plaintiff filed a unilateral PPTP and a declaration that set forth why it had not been prepared jointly. In his declaration, plaintiff's counsel, David Wilzig, recited and demonstrated his several efforts to work with Carlos Negrete, who is both a defendant and counsel for himself and co-defendant Hulda Clark, to timely prepare the pretrial order. Mr. Wilzig's efforts were to no avail and as noted above, plaintiff filed a timely but unilaterally prepared proposed pretrial order.

At no time did defendants seek an extension of time in which to complete the revised PPTO from plaintiff and/or the Court. Based on defendants' obvious lack of compliance with the Court's Order that the parties resubmit a PPTO in conformity with the Court's direction, defendants were ordered to show cause why sanctions should not be imposed. *See* Order filed April 15, 2008 [doc. #123]. Defendants filed their response to the order to show cause. [doc. #130] Plaintiff also filed a response in the form of counsel's declaration in support of the imposition of sanctions. [doc. #128]

Negrete asserts several reasons for his failure to work with and jointly prepare the required proposed pretrial order with opposing counsel, and failure to seek additional time from the Court for complying with its scheduling order when he had agreed to the schedule just two weeks before. Negrete notes that he was occupied with issues involving the care of his elderly mother in Arizona. However, this does not explain why he did not seek additional time to comply with the Court's Order. Nor does it explain why he did not communicate with plaintiff's counsel knowing a deadline, to which he agreed, was approaching. It is both parties' obligation to see that a jointly proposed pretrial order is prepared. Further, in response to the order to show cause, Negrete offered his own proposed pretrial order that suffers from many of the same deficiencies the Court previously noted.

The Court reiterates: **The sole remaining claim in this action is for malicious prosecution.** To establish a cause of action for malicious prosecution, a party must prove that the prior action (1) had been commenced at the direction of the Defendant and was pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause, and (3) was initiated with malice. *Hillebrand, Inc. v. Insurance Company of N.A.*, 102 Cal. App. 4th 585, 599 (2002).

The issue of favorable termination of the prior action is a question of law, not fact, that has been settled in this case in the Ninth Circuit's Order:

> As to point number one, **the district court correctly concluded that Negrete's voluntary dismissal of the underlying action constituted a termination favorable to Barrett.** *See MacDonald v. Joslyn*, 275 Cal. App. 2d 282, 289 (1969).

*Barrett v. Negrete*, 126 Fed. Appx. at 816. Clearly, this first element does not and cannot be relitigated. Therefore, only the second and third elements need to be proven. Nevertheless, Negrete again inserts the issue of *res judicata* and/or collateral estoppel with respect to other cases between these parties into this action even though he was clearly told that the other cases do not and cannot presented here.

Negrete has not fully acknowledged his responsibility for failing to participate in the preparation of a complying pretrial order. Having reviewed the record in this case, the Court finds that Negrete's conduct has been willful and in bad faith. Accordingly, sanctions are appropriate.

Based on the foregoing, **IT IS ORDERED** rejecting defendants' proposed pretrial order filed as an exhibit to Negrete's declaration in response to the order to show cause. **IT IS FURTHER ORDERED** sanctioning Negrete personally for failing to comply with the Court's Order. Negrete shall pay all of plaintiff's attorney's fees associated with preparing the first proposed and rejected pretrial order, preparing plaintiff's unilateral pretrial order, appearing at the pretrial conference, and his response to the OSC. Plaintiff shall provide an itemized statement of attorney's fees for the Court's consideration not later than 10 days from the filing of this Order. **IT IS FURTHER ORDERED** that plaintiff's unilateral proposed pretrial order is **ADOPTED in part**. Issues not presented in the adopted pretrial order are deemed to have been waived by defendants and defendants shall make no reference to those issues in the to-be-presented proposed pretrial order. Defendants may list their witnesses and exhibits so long as they are relevant to the issue of malicious prosecution only. **IT IS FURTHER ORDERED** that the parties shall meet and confer within 10 days to prepare a final pretrial order in conformity with this Order. The final pretrial order shall be submitted directly to the Chambers of the undersigned no later than April 30, 2009. **IT IS FURTHER ORDERED** that the parties shall jointly contact the chambers of Magistrate Judge Bencivengo within five days of the filing of

///

///

///

this Order to schedule a settlement conference.  **IT IS FURTHER ORDERED** that TRIAL in this action will commence on **November 3, 2009** at 9:00 a.m.

    **IT IS SO ORDERED.**

DATED: March 30, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES