UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. BARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS F. NEGRETE, HULDA<br>CLARK, dba NEW CENTURY PRESS,<br><br>    Defendants. | Civil No. 02-cv-2210-L (CAB)<br><br>**ORDER GRANTING MOTIONS *IN LIMINE* [doc. nos. 152, 153, 154, 157, 159, 161,163, 165]; DENYING MOTIONS *IN LIMINE* [doc. nos. 155, 156, 158, 160, 162, 166]; and GRANTING IN PART AND DENYING IN PART MOTION *IN LIMINE* [doc. #164]** |

This matter is set for trial on June 2, 2010. In preparation for the trial, the parties have filed motions in limine that have been fully briefed. The Court finds these motions suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A. Factual Background**

Plaintiff Stephen J. Barrett, M.D. is a retired psychiatrist and a nationally renowned consumer advocate. He runs the Quackwatch.org website that posts articles "that criticize many types of dubious health claims, products and practices." (Complaint, ¶ 2.) Defendant Carlos F. Negrete is an attorney who does business under the name Health Freedom Legal Defense Council and operates the Health Freedom Law website located at www.healthfreedomlaw.com. (Complaint, ¶ 3.) Defendant Hulda Clark, who died during the pendency of this action, has been

dismissed because her estate lacks a legal representative for substitution. (Order filed April 15, 2010.)

Esther Figueroa filed an action against Hulda Clark in state court. On July 23, 2001, Ms. Clark, represented by Mr. Negrete, filed a cross-complaint naming plaintiff Barrett as one of the cross-defendants. The cross-complaint referred to Barret as a "delicensed psychiatrist" and alleged causes of action for violation of the RICO Act and malicious prosecution, as well as numerous other claims, including perjury, harassment, violation of civil rights and free speech, and business sabotage. (Complaint, ¶ 7.) On the day of the filing of the cross-complaint, Mr. Negrete's Health Freedom Law website displayed an announcement of the lawsuit and the entire cross-complaint. (Complaint, ¶ 9.) On July 24, 2001, Mr. Negrete distributed an e-mail message entitled, "Quackbusters charged with Racketeering" describing the cross-complaint  The message referred recipients to www.healthfreedomlaw.com "for more information on the lawsuit." (Complaint, ¶ 11.) The information about the cross-complaint was publicized in over 40 web pages, 100 news group messages, and numerous publications. (Complaint, ¶ 15.) Plaintiff received numerous inquiries and negative comments from the recipients of the information, and spent significant time to prevent damage to his reputation. (Complaint, ¶ 16.)

On October 9, 2001, Defendants filed a first amended cross-complaint. On June 3, 2002, without having responded to any of plaintiff's discovery requests, defendants voluntarily dismissed the amended cross-complaint. (Complaint, ¶¶ 17-19.) Plaintiff contends that the publicizing of the cross-complaint and amended cross-complaint caused and continues to cause damage to plaintiff personally and professionally. As a result, plaintiff filed this action for malicious prosecution and abuse of process.

**B.     Procedural Background**

On February 4, 2003, defendants filed an anti-SLAPP[1] motion in response to plaintiff's complaint here. In such a motion, defendants has the burden of showing that Barrett's malicious prosecution claim against them arose from an act in furtherance of their free speech rights.

---

[1] "SLAPP" refers to a Strategic Suit Against Public Participation.

*Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 58 (2002). The burden then shifts to Barrett to prove a probability of prevailing on the merits. *DuPont Merck Pharm. Co. v. Superior Court*, 78 Cal. App.4th 562, 567 (2000).

The Court granted defendants' special motion to strike the Complaint on June 24, 2003 [doc. #22], finding defendants had shown that Barrett's lawsuit challenged First Amendment speech protected by California Code of Civil Procedure § 425.16 but plaintiff had not shown a probability of prevailing on the merits. *See DuPont Merck Pharm. Co. v. Superior Court*, 78 Cal. App.4th 562, 567 (2000). The Court also determined that the voluntary dismissal of the amended cross-claim was a termination of the claim in plaintiff's favor.

In an unpublished decision, the Ninth Circuit Court of Appeals affirmed this Court's conclusion that defendants' voluntary dismissal of the cross-claim was "pursued to a legal termination in the plaintiff's favor" but found that plaintiff Barrett was likely to succeed on the merits of his malicious prosecution claim: "The scurrilous nature of the defendants' allegations of wrongdoing and their efforts to publicize them widely on the Internet, when coupled with their utter failure to offer any proof of their charges, gives rise to a compelling inference of malice." 126 Fed. Appx. 816, 818 (9th Cir. 2005).

After remand from the Court of Appeals, this Court granted defendants' unopposed motion to dismiss the abuse of process claim on October 20, 2005 [doc. #85]. Thus, the sole remaining claim is for malicious prosecution. To establish a cause of action for malicious prosecution, a party must prove that the prior action (1) had been commenced at the direction of the Defendant and was pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause, and (3) was initiated with malice. *Hillebrand, Inc. v. Insurance Company of N.A.*, 102 Cal. App. 4th 585, 599 (2002). Because the Ninth Circuit affirmed the Court's ruling that the voluntary dismissal of the cross-claim was a termination of the claim in plaintiff's favor, the first element of the malicious prosecution claim has been established and is no longer at issue in this case.

The Court also notes that defendant Negrete is acting as his own counsel and prior to defendant Clark's death, acted as her attorney. Since this action was filed in 2002, Negrete has

not raised with the district court the issue of attorney-client privilege with respect to any testimony he might provide at trial. Because the June 2, 2010 trial is a firm date, Negrete will be precluded from asserting the attorney-client privilege at trial.

**C.     Plaintiff's Motions in Limine**:

  **1.     To Exclude Evidence Relating to Any Legal Issue Other Than Lack of Probable Cause, Malice and Plaintiff's Damages**

  As noted above, the remaining elements for plaintiff to prove his claim of malicious prosecution are lack of probable cause, malice and damages. The Ninth Circuit concluded, as this Court has, that Negrete's voluntary dismissal of the cross-complaint in the underlying action constituted a termination favorable to plaintiff. Nevertheless, Negrete opposes plaintiff's motion in limine by seeking to introduce evidence of the reason why defendant withdrew the cross-complaint contending that the factual basis for the dismissal of the cross-complaint was not reached. However, whether a voluntary dismissal of a cross-complaint is a termination favorable to plaintiff is a question of law, not a question of fact.

  The Ninth Circuit decision in this case is quite clear: based on the facts in the underlying action, namely, the failure to defendants' to provide any discovery to Barrett at a critical time in the litigation, the voluntary dismissal of the cross-claim resulted in a favorable termination for plaintiff. The reasons why defendant dismissed his cross-claim in the underlying case is no longer at issue to show favorable termination in plaintiff's favor and is not relevant to the issues of lack of probable cause and malice. Accordingly, plaintiff's motion in limine will be granted.

  **2.     To Exclude Defendant's Witnesses**

  Plaintiff seeks to exclude the following witnesses identified by defendant in the Amended Pretrial Order: Tim Bolen; Jim Turner, Esq.; Tedd Koren; Darlene Sherrell; Ilene Rosenthal; Dr. Terry Rondberg; Charles Brown, Esq.; Kevin Trudeau; Nick Gonzalez, M.D.; Laguna Beach Police; Huntington Beach Police; Milton Goldberg; Gary Knull; Will Hitchcock; Dr. Frank King; Chris Homer; Frank Cuny; and Dr. Kurt Donsbach. The exclusion is sought because none of the listed witnesses can testify as to facts for which they have personal knowledge relevant to the sole issues at trial: probable cause and malice. Instead, plaintiff contends defendant's

witnesses are being introduced because they would testify as to Barrett's alleged litigious nature and his propensity to seek damages.

In opposition to this motion, defendant contends that the content of the witnesses' testimony is purely speculative and the Court should wait until trial to determine whether the testimony is admissible. But defendant utterly fails to disavow plaintiff's characterization of defendant's witnesses' testimony and to suggest a proper purpose for the testimony of these witnesses. Accordingly, the Court finds the witnesses would offer no testimony that is relevant to lack of probable cause and malice and will exclude the listed witnesses. If any of the witnesses can offer testimony about the relevant issues of probable cause and malice, however, defendant may make a proffer of the testimony at the time of trial, outside the hearing of the jury.

### 3.     To Exclude Defendant's Exhibits

In the amended Pretrial Order, defendant listed exhibits from various other similar cases plaintiff has filed, *i.e.,* the case files in *Barrett v. Sherrell;, Barrett v. Koren; NCAH v. King; Barrett v. Fonorow;* a judgment against Barrett in *Barrett v. Rosenthal*; depositions of Barrett in the above-listed case files; and the trial testimony of Barrett from *Barrett v. Koren* and *Barrett v. Sherrell*. Plaintiff moves to preclude the use of this evidence because it is irrelevant to the issues of this case. Further, the probative value, if any, is outweighed by the prejudicial effect,

In objecting to plaintiff's motion, defendant expends much of his effort in castigating plaintiff's counsel for failing to conduct discovery in a timely manner. This effort is misspent. Instead, the pertinent question is whether the exhibits represent relevant evidence in this action.

Defendant contends that the exhibits are being presented "to show the numerous cases Plaintiff has initiated including motive, intent, and state of mind as to the current action and not offered as character evidence." (Amended Opp. at 4.)

As the California Supreme Court stated in *Bertero v. National General Corp.*, 118 Cal. Rptr. 184 (Cal. 1976):

> The malicious commencement of civil proceeding is actionable because *it harms the individual against whom the claim is made*, and also because it threatens the efficient administration of justice. The individual is harmed because he is

5

> compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings.

*Id.* at 190 (emphasis added.)

Negrete has not offered any case law suggesting that the "motive, intent and state of mind" *of the party harmed* by the underlying action is in any manner relevant to whether the defendant acted without probable cause and with malice in bringing the underlying action. In other words, even if Negrete's extensive discussion of Barrett's alleged propensity for litigiousness were accurate, the evidence is not relevant to this malicious prosecution lawsuit. Because these exhibits provide no probative evidence, they are irrelevant and will be excluded at trial.

**D.     Defendant's Motions in Limine**:

**1.     To Exclude Hearsay Evidence and Evidence Not Properly Authenticated**

Defendant Negrete seeks to exclude the introduction of or making any reference to out-of-court statements contained in various internet articles and postings because they are hearsay under Federal Rule of Evidence 801(c). Also, defendant seeks an "order forcing Plaintiff to authenticate and lay proper foundation for admission of all out-of-court statements and writings." (Motion doc. #155 at 1.)

There should be no dispute: If a particular piece of evidence is intended to be submitted for consideration at trial, it must be properly authenticated. Because no particular evidence has been challenged by defendant, the motion is anticipatory and speculative and will be denied without prejudice. The parties may raise objections as to authenticity at an appropriate time at trial.

Counsel is aware that Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Plaintiff asserts that the articles and internet postings that defendant references in his motion are not being offered to proved the truth of the matter asserted but instead the documents are offered to show that they exist, were disseminated by

6

defendant after the cross-complaint in the underlying action was voluntarily dismissed and remained on internet sites even after defendant Clark early on testified at her deposition that she had no evidence that plaintiff had done anything illegal and knew very little about Barrett. In other words, such evidence would not be hearsay.

At this point, however, neither party is giving the court enough specifics to issue anything more than an advisory opinion. The parties will have an opportunity to object at trial to any evidence that is thought to be hearsay. The motion will be denied without prejudice.

**2. To Exclude from Evidence Pretrial Pleadings as Proof of Facts**

Again defendant makes a broad, generalized request that seeks to exclude pretrial pleadings as proof of facts: "It is anticipated that Plaintiff[] will introduce pretrial pleadings as proof of facts in this case." (Motion doc. #156 at 2.)

As plaintiff rightly notes, defendant has failed to provide any information for the Court to outright bar the exclusion of "pretrial pleadings." At this stage, whether pretrial pleadings are relevant or prejudicial is purely speculative. The Court will deny this motion without prejudice.

**3. To Exclude Testimony of Undisclosed and Unidentified Witnesses**

Defendant moves to preclude plaintiff from introducing the testimony of "any witnesses to be called by Plaintiff who were not previously identified, designated or disclosed in this case." (Motion No. 3 at 1.) No specific witness is mentioned in defendant's motion. In response to defendant's motion, plaintiff states that he:

> does not intend to introduce the testimony of any witness not identified in the Proposed Joint Pre-Trial Order (Amended) other than Scott Peterson for which Plaintiff has filed the requisit First Supplemental Disclosure Statement Pursuant to *Federal Rule of Civil Procedure*, Rule 26 in a timely fashion prior to the now vacated trial date.

(Opp. at 1.) Plaintiff also states that William Jarvis, Ph.D. has been identified in plaintiff's First Supplemental Disclosure Statement.

The Court notes that defendant has not filed a reply to plaintiff's opposition. It therefore appears defendant has no objection to any of plaintiff's previously disclosed witnesses or to plaintiff's witnesses Scott Peterson or William Jarvis.

The Court has already stated that previously undisclosed and unidentified witnesses

would not be permitted to testify and this ruling would be applicable to both parties. Accordingly, the Court will grant this motion as to both plaintiff and defendant.

### 4. To Exclude the Introduction of Reference to Jurimed Invoices

Plaintiff intends to introduce Jurimed invoices representing expenses incurred by defendant Hulda Clark in the sum of $140,203.63 for public relations work performed by Tim Bolen, founder of Jurimed. According to plaintiff, the Jurimed invoices would show that the purpose for retaining Bolen was to "disseminate and republish allegations contained in the cross-complaint and amended cross-complaint in the underlying action which allegations Defendant Clark knew to be without factual support." (Opp. at 2.) Defendant contends that the invoices are irrelevant under Federal Rule of Evidence 402 because "Plaintiff has not proven nor met his burden to prove that such Jurimed invoices are relevant to prove such malice and plaintiff has not provided evidence to support his characterization of the purpose for the Jurimed work."

As plaintiff correctly notes, the Jurimed invoices are likely relevant to show malice on the part of defendant. The Court will deny defendant's motion without prejudice to raising an objection at trial if the invoices are not shown to be relevant.

### 5. To Exclude Evidence of Sanctions

During the pendency of this action, the Court sanctioned defendant Negrete for failing to jointly prepare a revised proposed pretrial order. (Order filed March 30, 2009, doc. no. 131.) Defendant now seeks to exclude evidence of that sanction because it is irrelevant to the remaining issues. But plaintiff contends that Negrete's wrongful conduct in this case would demonstrate that his "singular intent in filing the cross-complaints was to harass, annoy and damage Plaintiff, thereby establishing that Negrete acted with malice." (Opp. Memo at 2.) Negrete has not filed a reply to plaintiff's opposition.

Although defendant Negrete's conduct has been sanctioned in this court, it is at best marginally relevant to his acts in the underlying action. Further, the imposition of sanctions here would be inadmissible character evidence. Federal Rule of Evidence 404(a) provides "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Evidence of other wrongs

8

or acts may be admissible for other purposes such as to show intent. F.R.E. 404(b). At the present time, however, plaintiff's explanation for how the sanction order would be used is insufficient to support a clear finding that this evidence is relevant or admissible for the purpose of demonstrating defendant's intent. Accordingly, defendant's motion will be granted without prejudice.

### 6. To Exclude Internet and Print Articles and Writings

Defendant moves for exclusion of any reference to internet and print articles and writing referencing the filing of the cross-complaint when such articles and writings were made post-filing. Negrete's argument is the writings are irrelevant to show lack of probable cause and malice. Only in his reply memorandum does defendant also contend that under Federal Rule of Evidence 403, these writings are unduly prejudicial. New arguments may not be raised for the first time in reply memorandums. Nevertheless, the Court will consider the potential prejudicial effect of the evidence.

As plaintiff correctly notes, defendant's efforts to publicize the allegations of wrongdoing in the cross-complaint and amended cross-complaint are highly relevant to and particularly probative of the issue of malice. Although this evidence is not favorable to defendant, it is not unfairly prejudicial in the context of this litigation. Therefore, this motion will be denied.

### 7. To Exclude Evidence Introduction of and Reference to Defendant's Pretrial Conduct

Noting that Negrete is both the defendant and defendant's counsel, plaintiff intends to present evidence of defendant's pretrial conduct in the present case to demonstrate his pattern of conduct which plaintiff characterizes as obstreperous and obstructive. According to plaintiff, such behavior is relevant to the issues of malice and lack of probable cause. In seeking to exclude the evidence, defendant argues his pretrial conduct is not relevant and is unduly prejudicial.

Plaintiff points to specific acts of Negrete in this case as support for his argument that this conduct is relevant to showing malice and lack of probable cause: Negrete continued defense of this action when he knew early on that co-defendant Clark had little knowledge about plaintiff

and was unaware of whether Barrett had engaged in any illegal activities; he refused to file initial disclosures resulting in plaintiff's motion to compel; he lodged improper and untruthful objections during the course of Clark's deposition; he invoked attorney-client privilege at his own deposition; failed to participate in preparing a court-ordered proposed pretrial order; and delayed the opening of Clark's probate.

Although of some relevance to show malice and lack of probable cause on the part of defendant Negrete, the relevancy is marginal. Given that the evidence is not highly relevant, the Court finds that the evidence of Negrete's conduct would be unduly prejudicial and therefore will not permit its introduction.

### 8. To Exclude Introduction of and References to Damage Computations Not Previously Disclosed

In this motion defendant seeks to exclude damage computations that he states were not disclosed. Plaintiff argues the motion should be denied because he filed his initial disclosures in November 2005 and those disclosures contained specific reference to the damages sought in this action and the computations on which those damages are based. Defendant has not filed a reply memorandum to plaintiff's opposition.

Because it appears plaintiff's damage computations were in fact previously disclosed, defendant's motion is denied.

### 9. To Exclude Courtroom Witnesses When Not Testifying

Under Federal Rule of Evidence 615, upon the request of a party, "the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Instead of a request to exclude witnesses from the courtroom, defendant filed a motion *in limine*. Plaintiff has not filed an objection to this motion.[2] Witnesses

---

[2] As noted, plaintiff has not responded to defendant's motion within the time provided by the Court. Civil Local Rules provide that:
> Unless otherwise provided by rule or court order, a party opposing a motion, or other request for ruling by the court must file a written opposition. **If such a party chooses not to oppose the motion, the party must file a written statement that the party does not oppose the motion or other request for ruling by the court**.

CIV. L.R. 7.1(3.a) (emphasis added).

10

are regularly excluded from the courtroom when they are not testifying. Accordingly, this motion will be granted

### 10. To Exclude Character Evidence

Defendant seeks to exclude all character or trait of character or evidence of other crimes, wrongs or acts to prove his character. "It is anticipated that Plaintiff will attempt to show evidence of the character" of Negrete "in this case to prove that Defendant[s] acted in conformity therewith in the case at bar." (Motion Ps&As at 2.) Further, defendant contends the even if a proper purpose for the character evidence allows for admissibility, the evidence should be excluded because it is more prejudicial than probative.

Plaintiff states that he will offer only admissible evidence to demonstrate defendant's motive, intent and/or plan to damage and/or destroy plaintiff's reputation by filing the cross-complaint in the underlying action. (Opp. at 1.)

The actual questions plaintiff intends to ask are not specifically set forth, and therefore the Court cannot make a determination as to whether some proper purpose may be presented for the introduction of character evidence. Similarly, the Court cannot find that otherwise admissible evidence is more prejudicial than probative on speculation. The Court will grant in part and deny in part this motion. Plaintiff may only introduce admissible evidence. Defendant may object to a particular question or line of questioning at trial.

### 11. To Exclude Evidence of Settlement Discussions

Defendant's motion in limine is unnecessary given that Federal Rule of Evidence 408 expressly prohibits the introduction of settlement discussions between the parties. Plaintiff has not responded to defendant's motion in limine seeking the exclusion of such evidence. The motion will be granted.

### 12. To Exclude Introduction of and References to the District Court's Finding on the Issue of Favorable Termination and the Court of Appeal's Affirmance

Defendant's motion is the mirror image of plaintiff's first motion in limine. Although defendant filed a response in opposition to plaintiff's motion to exclude evidence relating to any legal issue other than lack of probable cause and malice, he also brought this duplicative motion.

11

In seeking to exclude reference to this Court's finding and the Court of Appeal's affirmance of that finding, that the first element of the malicious prosecution claim had been met, *i.e.,* that the underlying case was terminated in Barrett's favor, defendant contends those opinions are irrelevant. Defendant is incorrect. As discussed above, the findings of the district court and the Ninth Circuit Court of Appeals are binding. A binding decision from the Court of Appeals cannot be ignored simply because defendant wants to challenge the factual basis for the Court's determination. The issue of whether the underlying case was terminated in plaintiff's favor is of utmost relevancy. The first prong of the malicious prosecution claims has been established and the jury will not be permitted to hear evidence to the contrary. Accordingly, the motion is denied.

**E.   Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1. **GRANTING** motions in limine docket nos. 152, 153, 154, 157, 159, 161, 163, 165;

2. **DENYING** motions in limine docket nos. 155, 156, 158, 160, 162, 166;

3. **GRANTING IN PART AND DENYING IN PART** motion in limine doc. no. 164.

**IT IS SO ORDERED.**

DATED: May 25, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES